UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO. 9:23-CV-81329-MIDDLEBROOKS/MATTHEWMAN

NATALIE SMITH, as Personal
Representative of the ESTATE OF
CHAD SMITH, on behalf of the
Estate and his Survivors,

    Plaintiff,

vs.                              DEFENDANT'S MOTION TO DISMISS

MARTIAN SALES, INC.,

    Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT AND
INCORPORATED MEMORANDUM OF LAW**

COMES NOW Defendant Martian Sales, Inc. ("Martian Sales") by and through its undersigned counsel, and files and serves its Motion to Dismiss Plaintiff's Amended Complaint, and states as follows:

**INTRODUCTION**

Plaintiff's Amended Complaint should be dismissed on numerous grounds. **First**, it is an impermissible shotgun pleading that incorporates every allegation into each count, including allegations contained in subsequent counts. Under Eleventh Circuit and Southern District of Florida law, the complaint should be dismissed in its entirety on this basis *alone*.

**Second**, all five of Plaintiff's causes of actions are deficient on their face. Plaintiff's failure to warn and fraudulent concealment claims fail to acknowledge the contents of the warnings conveyed through product packaging and labeling – or, that the decedent even read the packaging, warnings, or labels. Further, Plaintiff's design defect claim fails to specify any particular defective

design or that such a defect – as opposed to Decedent's consumption of fentanyl – caused Decedent's death. Additionally, Plaintiff's negligence *per se* claim based on purported violations of the Food, Drug, and Cosmetic Act ("FDCA") is expressly preempted. Plaintiff's strict liability and negligence claims fail because the Amended Complaint does not plausibly establish kratom – as opposed to fentanyl – proximately caused Decedent's death. Each of these pleading defects require dismissal of Plaintiff's claims. And, as many of them cannot be cured with amendment, dismissal should be with prejudice.

**Third**, the Amended Complaint fails to sufficiently allege personal jurisdiction over Martian Sales in the State of Florida. Well-established jurisprudence requires contact with the forum state that arises out of the specific cause of action. As the Amended Complaint lacks specific contentions regarding systematic or continuous contact by Martian Sales in the State of Florida connected to the underlying claims, an exercise of personal jurisdiction would be improper. Moreover, the Amended Complaint impermissibly relies on conclusory allegations and stream-of-commerce theories this Court and the Eleventh Circuit continue to reject.

For all these reasons, the Court should dismiss Plaintiff's Amended Complaint in its entirety.

## ALLEGATIONS OF THE AMENDED COMPLAINT

Plaintiff alleges that Chad Smith ("Decedent") died as a result of consuming fentanyl and kratom. (Am. Compl. ¶ 39.) As alleged in the Amended Complaint, kratom "is an herbal extract from the leaves of Mitragyna speciosa, a tropical tree native to Southeast Asia." (*Id.* ¶ 12.) Plaintiff further alleges that Martian Sales sold and distributed kratom "products under several brand names, including O.P.M.S. Gold and Remarkable Herbs."[1] (*Id.* ¶ 5.) Wholly absent from the

---

[1] Contrary to Plaintiff's assertion, Martian Sales does not sell or distribute Remarkable Herbs kratom. However, Defendant understands that, for the purposes of this motion, the court must

Amended Complaint are any allegations regarding the packaging or labeling accompanying these kratom products[2] and whether Decedent even read said packaging and labeling. *See e.g. Id.*

Plaintiff alleges that Decedent "beg[a]n purchasing and consuming . . . Martian Sales' kratom products" in the "weeks prior to his death." (*Id.* ¶ 33.) However, Plaintiff specifically acknowledges that "[t]he medical examiner's opinion [was] that fentanyl/kratom combo was the cause of [Decedent's] death, and that both drugs act[ed] in concert, so it was impossible to assign more blame to one over another." (*Id.* ¶ 39.)[3] Plaintiff does not allege that Decedent took fentanyl for any lawful, medical purpose or that any Martian Sales product contained fentanyl.

## **ARGUMENT & CITATION TO AUTHORITY**

### **I.    Plaintiff's Complaint Must Be Dismissed as a Quintessential and Impermissible Shotgun Pleading.**

Under well-established Eleventh Circuit law, a complaint that incorporates all prior allegations into each count – particularly one that incorporates paragraphs contained in prior counts into subsequent counts – is a classic shotgun pleading that must be dismissed. *See, e.g., Clifford v. Federman*, 855 F. App'x 525, 528-30 (11th Cir. 2021); *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019) ("A shotgun pleading is one that, for example . . . contains multiple counts where each count adopts the allegations of all preceding counts."); *see also Hirsch v. Ensurety Ventures, LLC*, 805 F. App'x 987, 991 (11th Cir. 2020) ("Hirsch's RSAC is a shotgun

---

accept Plaintiff's factual allegations as true. Nonetheless, Martian Sales expressly disputes Plaintiff's allegations that it sells or distribute Remarkable Herbs kratom, and reserves the right to challenge this contention as this litigation progresses.

[2] All O.P.M.S. products bear labeling that includes warnings and disclaimers regarding their use. Exhibit D to the Amended Complaint depicts the front – but not the back - of one bag of Remarkable Herbs kratom and five bottles of OMPS Gold kratom.  According to Paragraph 38 of the Amended Complaint, the police found these items in Decedent's backpack and took them into evidence.

[3] The forensic toxicology report attached as Exhibit D to the Amended Complaint indicates that, in addition to fentanyl and kratom, Decedent's blood also contained antidepressants and anabolic steroids at the time of his death.

pleading. Each of the nine counts 're-alleges and incorporates' the allegations of the entire rest of the complaint and all previous counts."); *Peraza v. Portfolio Recovery Associates, LLC*, 2019 WL 13234107, at *1-2 (S.D. Fla. May 13, 2019) ("Defendants' motion to dismiss asserts that Plaintiff's Complaint constitutes a 'shotgun pleading' because Counts II and III incorporate by reference all preceding paragraphs of the Complaint. The Court agrees and holds that the Complaint fails to comply with the basic pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and should be dismissed."). The Eleventh Circuit and Southern District of Florida have repeatedly condemned this "quintessential" method of shotgun pleading and routinely dismiss complaints on that basis. *See Peraza*, 2019 WL 13234107, at *1-2 (collecting cases and dismissing a shotgun pleading).

Plaintiff's Amended Complaint is a textbook example of a shotgun pleading. The first paragraph of Count One states, "Plaintiff hereby re-alleges all allegations stated above." (Am. Compl. ¶ 45.) That same line is then copied and pasted into the first paragraph of every subsequent count: the first paragraph of Count Two states "Plaintiff hereby re-alleges all allegations stated above." (Am. Compl. ¶ 52); the first paragraph of Count Three states "Plaintiff hereby re-alleges all allegations stated above." (Am. Compl. ¶ 57); the first paragraph of Count Four states "Plaintiff hereby re-alleges all allegations stated above." (Am. Compl. ¶ 64); and the first paragraph of Count Five states "Plaintiff hereby re-alleges all allegations stated above." (Am. Compl. ¶ 70.)

Thus, the Amended Complaint contains *five* separate counts with *five* separate instances of Plaintiff stating that he "re-alleges all allegations stated above."  And, in continually realleging allegations, Plaintiff notably fails to exempt allegations which are specific and individualized to prior counts. Specifically, Plaintiff incorporates strict liability counts, which ***do not*** require a showing of duty or breach, into negligence counts, which ***do*** require showings of duty and breach.

*Wolicki-Gables v. Arrow Int'l, Inc.*, 641 F. Supp. 2d 1270, 1287 (M.D. Fla. 2009), *aff'd*, 634 F.3d 1296 (11th Cir. 2011) ("Under the strict liability theory, the focus in on the product itself; under the negligence theory, the focus is on the whether a duty of care was owed to the injured parties, and whether the defendants breached that duty of care."). Such inconsistent and disorganized pleading is an example of why shotgun pleadings are impermissible and complaints that incorporate all prior allegations by reference must be dismissed. *See Great Am. Ins. Co. of New York v. Stormgeo Corp., Inc.*, No. 3:17-cv-554, 2018 WL 3427875 at *1 (M.D. Fla. July 16, 2018) (dismissing shotgun Complaint where negligence allegations were incorporated by reference into strict liability count and stating that: "Plaintiffs should clearly state the elements of each claim and only incorporate the underlying factual allegations in each count necessary for support.").

Plaintiff's Amended Complaint must therefore be dismissed for violating the Eleventh Circuit and this Court's clear directive against shotgun pleadings.

**II.     Count One Fails Because Plaintiff Has Not Alleged the Contents of the Labels and Packaging or that Decedent Read Them.**

To establish a claim for strict liability failure to warn, Plaintiff must plead facts demonstrating that Martian Sales: (1) manufactured or distributed the product, (2) failed to "adequately warn of a particular risk that was known or knowable in light of the generally recognized and prevailing best scientific and medical knowledge available at the time of manufacture and distribution, and (3) that the failure proximately caused the decedent's injury. *Griffin v. Kia Motors Corp.*, 843 So.2d 336, 339 (Fla. 1st DCA 2003). The Amended Complaint fails to adequately allege facts demonstrating the first and third elements as a matter of law.

**A.     Plaintiff Failed to Plead the Contents of the Product Labels at Issue.**

To survive a motion to dismiss, a complaint must recite the specific contents of the warning label of the product or products at issue. *See Bailey v. Janssen Pharmaceutica, Inc.*, 288 F. App'x

597, 609 (11th Cir. 2008) (dismissing failure to warn claim on motion to dismiss where complaint lacked allegations regarding the content of warning label and failed to describe the manner in which the warning was inadequate). Thus, if "Plaintiff fails to allege what the instructions or warning that did accompany [defendant's] product, [and] plaintiff [does not] otherwise explain how the information provided was inadequate," the complaint "is not supported by sufficient factual allegations regarding the inadequacy of any warning." *Jiminez v. Holiday CVS, LLC*, 2023 WL 4251176 at *2 (S.D. Fla. June 29, 2023) (dismissing failure to warn claim where complaint contained no allegations about the specific content of the labels).

In *Jiminez*, it was alleged that the defendant failed to warn of the risk of a known side effect or allergic reaction caused by use of an expired product. *Id.* at *2. The Court, however, held that because the plaintiff failed to allege the content of the labels and warnings on the product used, the complaint failed to show that the labels or warning were inadequate. *Id.* The Court therefore dismissed the strict liability—failure to warn claim under Rule 12(b)(6). *Id.* Similarly, here, Plaintiff does not allege the contents of the labels, or any warnings contained on the two kratom products Decedent allegedly consumed. *See e.g.* Am. Compl. ¶¶ 45-51. Instead, Plaintiff offers only "bald allegations, asserted at the highest order of generality and unsupported by any factual claims." 648 F. App'x 867, 871 (11th Cir. 2016). Plaintiff's failure to warn claim must therefore be dismissed.

      **B.**    **Plaintiff Failed to Plead Proximate Causation.**

Under Florida law, "where the person to whom the manufacturer owed a duty to warn . . . has not read the label, an inadequate warning cannot be the proximate cause of the plaintiff's injuries." *Leoncio v. Louisville Ladder, Inc.*, 601 F. App'x 932, 933 (11th Cir. 2015). It therefore follows that where a complaint "does not allege all the warnings were read, it is impossible to

conclude defendants breached a duty to warn," and the complaint must be dismissed. *Dero Roofing, LLC v. Triton, Inc.*, No. 21-CV-688, 2022 WL 14636884, at *2 (M.D. Fla. Oct 25, 2022) ("Because it does not allege all the warnings were read, it is impossible to conclude Defendants breached a duty to warn."); *see also Cooper v. Old Williamsburg Candle Corp.*, 653 F. Supp. 2d 1220, 1225 (M.D. Fla. 2009) (finding the plaintiff barred from pursuing failure to warn claim where the plaintiff did not read warning on product).

The Amended Complaint is bereft of any allegations that the Decedent read the labels, warnings, or packaging of the Martian Sales products allegedly consumed. The Amended Complaint therefore fails to plead proximate causation and must be dismissed. *Jiminez*, 2023 WL 4251176 at *2-3.

### III.   Count Two Must Be Dismissed Because Plaintiff Fails to Allege Any Particular Defect in the Design of the Products at Issue or Establish Proximate Cause.

Under Florida law, a strict liability-design defect claim requires the plaintiff to "establish the manufacturer's relationship to the product in question, the defect and unreasonably dangerous condition of the product, and the existence of the proximate connection between such condition and the user's injuries or damages." *Aubin v. Union Carbide Corp.*, 177 So. 3d 489, 502-03 (Fla. 2015). To survive a motion to dismiss, Plaintiff cannot rely on "conclusory statements" that a product is "defective" or "unsafe." *Wright v. Howmedica Osteonics Corp.*, 741 F. App'x 624, 626 (11th Cir. 2018). Instead, Plaintiff must allege facts demonstrating "in what way the product was defective." *Id.* (affirming dismissal **with prejudice** where Plaintiff failed to allege how a product was defective in a design defect claim).

Here, Plaintiff fails to plead any facts identifying the way the kratom products were allegedly defective or a "proximate connection" between any such defect and Decedent's death. Instead, Plaintiff relies on generic descriptions of the products as "unreasonably dangerous"

without any specificity as to design defects that render these specific products dangerous. *See* Am. Compl. ¶ 54. This type of conclusory pleading is not sufficient to state a claim or survive a motion to dismiss. *See People's Trust Insurance Company v. Rheem Manufacturing Company*, 2021 WL 10188684, at *3-4 (S.D. Fla. September 7, 2021). Moreover, Plaintiff's complaint improperly includes references regarding the failure to warn claim into the design defect count, which also justifies dismissal. *See Gomez v. Pfizer, Inc.*, 675 F. Supp. 2d 1159, 1163 (S.D. Fla. 2009) ("Defective design, manufacture and failure to warn are distinct theories, and Defendants are prejudiced in that they cannot determine which doctrine is at issue, much less how to frame a proper response."); *cf.* (Am. Compl. ¶ 54) ("Under a Consumer Expectation analysis, an ordinary consumer would find these Kratom products to be unreasonably dangerous, considering the products' . . . *lack of information on the labels concerning health risks and recommended dosages* . . ..") (emphasis added).

      Finally, Plaintiff does not allege how any supposed design defect caused the Decedent's death. In fact, Plaintiff's own allegations demonstrate the opposite – that Plaintiff's consumption of fentanyl in combination with other substances (including kratom, antidepressants and steroids), rather than any design defect in the kratom products, caused his death. (Am. Compl. ¶ 39; *Id*., Ex. D.) Plaintiff even acknowledges that, as between fentanyl and kratom, it is "impossible" to separate out which played a greater role in Decedent's death. (*Id.*) Additionally, Plaintiff does not allege that Martian Sales should have, or could have, known that Decedent would consume kratom in connection with fentanyl – one of, if not the, deadliest illicit drugs[4] in the country. (*See e.g.* Am. Compl. ¶¶ 52-56). Plaintiff's Amended Complaint must therefore be dismissed for failure to state a strict liability design defect claim.

---

[4] See https://www.dea.gov/factsheets/fentanyl.

**IV.   Count Four Must Be Dismissed Because Plaintiff Fails to Plead the Elements of Fraudulent Misrepresentation.**

In Florida, the elements of fraudulent misrepresentation are: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." *See Butler v. Yusem*, 44 So.3d 102, 105 (Fla. 2010). Pursuant to Federal Rule of Civil Procedure 9(b), a fraudulent misrepresentation claim ***must*** be plead with particularity. *SIG, Inc. v. AT&T Digital Life, Inc.*, 971 F. Supp. 2d 1178, 1196 (S.D. Fla. 2013) ("Claims for negligent misrepresentation must be pled to meet the particularity standard required by Rule 9(b) for fraud claims because, in Florida, negligent misrepresentation sounds in fraud.") (internal quotations omitted). This requires allegations showing: "(1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud." *Id.* (dismissing negligent misrepresentation claim where plaintiff made only "general" allegations of falsities).

Plaintiff alleges in Count Four that Martian Sales "intentionally concealed known material facts to [Decedent] about O.P.M.S. Gold Liquid Kratom Extract and Remarkable Herbs Maeng Da Kratom White Vein Mitragyna Speciosa 20 Ounce powder." (Am Compl. ¶ 65.) Despite this assertion, Plaintiff fails to plead: precisely what omissions were made, how they were fraudulent, and how Plaintiff was misled. *Id.* Beyond Plaintiff's failure to plead this claim with sufficient particularity, Plaintiff's fraudulent concealment claim fails for a more basic reason: Plaintiff fails to allege facts establishing each element of the claim. There are no allegations that the Decedent

read the labels, warning, packaging, or any other materials from Martian Sales. Am. Compl. ¶¶ 64-69. Additionally, Plaintiff fails to allege that Decedent would not have purchased the kratom products had Martian Sales not allegedly concealed information regarding the products. *Id.* Without such a factual allegation, Plaintiff cannot establish that the alleged concealment **caused** Decedent's death. *SIG, Inc.*, 971 F. Supp. at 1196 (stating that causation is element of negligent misrepresentation claim). Accordingly, Count Four must be dismissed because Plaintiff fails to plead its fraudulent misrepresentation claim with sufficient particularity and Plaintiff fails to allege facts establishing each element of its claim. *Id.*

Finally, Plaintiff's allegation that Martial Sales concealed the "fact that it was illegal to sell the products as dietary supplements and their use for that purpose was deemed unsafe by the FDA" (Am. Compl. ¶ 65(e)) is preempted by federal law. As explained in more detail in Section V *infra*, a claim that a defendant failed to comply with the Food, Drug, and Cosmetic Act – including as it relates to registration and approval of new dietary ingredients – may only be brought by the federal government. *See Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 347 (2001). State law claims that rely on allegations that a defendant failed to comply with the FDCA are therefore preempted and must be dismissed with prejudice. *Id.* Thus, as Plaintiff relies on the FDCA to support his fraudulent concealment claim, Count Four is preempted and must be dismissed.

And, in any event, Plaintiff's contentions that Martian Sales "concealed" facts by failing "to sell the products as dietary supplements" and disclose "that purpose was deemed unsafe by the FDA" lacks merit. Whether a product is "illegal" to sell is a legal conclusion which this Court is not obligated to accept as true. *Jurriaans v. Alabama Coop. Extension Sys.*, No. 2:17CV124-MHT, 2017 WL 3902571, at *1 (M.D. Ala. Aug. 7, 2017), *report and recommendation adopted*, No. 3:17CV124-MHT, 2017 WL 3902570 (M.D. Ala. Sept. 6, 2017) (*citing Ashcroft v. Iqbal*, 556 U.S.

10

662, 664 (2009) ("In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept well-pled facts as true, but the court is not required to accept a plaintiff's legal conclusions."). Further, the Florida legislature has recently passed the Kratom Consumer Protection Act, which itself anticipates that kratom sales are legal in the state. *See e.g* Fla. Stat. Ann. § 500.92 *et seq.* Plaintiff's barebones assertions that Martian Sales has made purported fraudulent misstatements regarding the legality of kratom are therefore baseless.

V. **Count Five Must Be Dismissed Because Plaintiff's Negligence *Per Se* Claim Is Preempted by Federal Law.**

Plaintiff alleges in Count Five, Negligence *Per Se*, that Martian Sales is liable for allegedly violating Sections 331, 343, and 350 of the Food, Drug, and Cosmetic Act. Indeed, Count Five is predicated entirely on alleged violations of the FDCA. (Am. Compl. ¶¶ 71-84.) Plaintiff does not implicate any other laws to support its negligence *per se* claim. (*Id.*)

It is well-established that the FDCA *does not* have a private right of action and is only enforceable by the FDA. 21 U.S.C. § 337(a) ("[A]ll such proceedings for the enforcement, or to restrain violations, of this chapter shall be by and in the name of the United States."); *see Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 347 (2001) (holding that the Plaintiff's state law claims based upon violations of the FDA are impliedly preempted and in conflict with federal law).

It is well-settled that "[t]here is no private right of action for violations of the FDCA." *Leonard v. Medtronic, Inc.,* 2011 WL 3652311, at *7 (N.D. Ga. Aug. 19, 2011) (quoting *Buckman,* 531 U.S. at 349 n. 4). Instead, all proceedings to enforce the FDCA "shall be by and in the name of the United States." 21 U.S.C. § 337(a). Congress gave the FDA "complete discretion" in deciding "how and when [its enforcement tools] should be exercised." *Heckler v. Chaney,* 470 U.S. 821, 835 (1985). That discretion is necessary "to achieve a somewhat delicate balance of statutory objectives," a balance that "can be skewed" if private tort suits are allowed. *Buckman,*

531 U.S. at 348. "The FDCA leaves no doubt that it is the Federal Government rather than private litigants who are authorized to file suit for noncompliance with [its] provisions." *Id.* at 349, n.4.

Through § 337(a), Congress impliedly preempted *any* private action seeking to enforce the FDCA and its regulations. Thus, a plaintiff cannot maintain a claim against a defendant when that claim is "in substance (even if not in form) a claim for violating the FDCA—that is, when the state claim would not exist if the FDCA did not exist." *Leonard,* 2011 WL 3652311, at *7 (quoting *Riley v. Cordis Corp.,* 625 F. Supp. 2d 769, 777 (D. Minn. 2009)). A plaintiff may only escape preemption by establishing that their claim would exist **in the complete absence** of the FDCA. *See In re Medtronic, Inc.,* 623 F. 3d 1200, 1204 (8th Cir. 2010). But "[i]f the claim would not exist in the absence of the FDCA, it is impliedly preempted." *Loreto v. Procter & Gamble Co.*, 15 F. App'x 576, 579 (6th Cir. 2013); *see also Green v. Medtronic, Inc.*, 2020 WL 4577713, at *4 (N.D. Ga. May 1, 2020) ("a negligence per se claim [cannot] be premised on breaches of duties created by the FDCA"); *Leonard v. Medtronic, Inc.,* 2011 WL 3652311, at *7 (N.D. Ga. Aug. 19, 2011).

Plaintiff relies solely on violations of the FDCA for her negligence *per se* claim. In particular, she claims that Martian Sales failed to notify the FDA of kratom's ingredients, failing to undergo premarket substantiation, and failing to label its "principal place of business" per FDA regulations. *See* Am. Compl. ¶ 80. In this instance, Plaintiff has not cited a **single** state statute or legal theory that could support her negligence *per se* claim in the absence of the alleged FDCA violations. Moreover, the exact FDA statutes invoked by Plaintiff relate **exclusively** to FDA approval and oversight. *Riegel v. Medtronic, Inc.*, 552 U.S. 312, 322–23, 128 S. Ct. 999, 1007, 169 L. Ed. 2d 892 (2008) ("Premarket approval, in contrast, imposes 'requirements' [. . .] Unlike general labeling duties, premarket approval is specific to individual devices. And it is in no sense an exemption from federal safety review—it is federal safety review."). Count Five is therefore

preempted and must be dismissed with prejudice.

**VI.    Plaintiff's Negligence Claims Are Barred by Contributory Negligence due to Plaintiff's Consumption of Fentanyl.**

A complaint may be dismissed under Rule 12(b)(6) when it is apparent from the complaint that the plaintiff cannot overcome an affirmative defense such as contributory negligence, and therefore lacks the requisite level of plausibility. *Meyer v. Fay Servicing, LLC*, 385 F. Supp. 3d 1235, 1242 (M.D. Fla. 2019) ("However, the Florida courts have also made it abundantly clear that any affirmative defense, [. . .] may be considered in resolving a motion to dismiss when the complaint affirmatively and clearly shows the conclusive applicability of the defense to bar the action."); *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1277 (11th Cir. 2004) (*citing Reisman v. Gen. Motors Corp.*, 845 F.2d 289, 291 (11th Cir. 1988) and *Evans v. Parker*, 440 So. 2d 640, 641 (Fla. Dist. Ct. App. 1983) (internal quotation marks omitted)); *see also Iqbal*, 556 U.S. at 678 ("a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Here, the Amended Complaint lacks the requisite plausibility because Plaintiff's own contributory negligence acts as a bar to the instant action.

Under Florida law, "any party found to be greater than 50 percent at fault for his or her own harm may not recover any damages." Fla. Stat. Ann. § 768.81. Plaintiff admits in the Amended Complaint that decedent had fentanyl in his system upon his death and that the medical examiner could not assign greater fault to kratom or fentanyl. (Am. Compl. ¶ 39.) Plaintiff further alleges that the kratom and fentanyl "acted in concert," meaning that it was impossible to determine whether a Martian Sales kratom product alone could have caused Decedent's death had he not chosen to consume fentanyl (as well as antidepressants and steroids). Plaintiff's Amended Complaint therefore leads to the more plausible conclusion that Decedent's decision to combine

fentanyl and other drugs with kratom was a greater contributing cause of the damage than any alleged act or omission by Martian Sales. Accordingly, because it is plain from the face of the Amended Complaint that Plaintiff is at greater fault, his negligence claims are barred by Florida State § 768.81.

**VI.    Plaintiff Fails to Allege Personal Jurisdiction in Florida over Martian Sales.**

    **A.    Rule 12(b)(2) and Minimum Contacts Standards.**

To establish jurisdiction, "the plaintiff must initially establish a *prima facie* case of personal jurisdiction, after which the burden shifts to the defendant to counter the plaintiff's allegations. If the defendant meets this burden, the plaintiff must produce evidence to support jurisdiction – merely reticulating its allegations is not sufficient." *See Bell Northern Research, LLC v. HMD America, Inc.*, 2023 WL 2428121 at *2 (S.D. Fla. March 9, 2023). Plaintiff admits in the Amended Complaint that Martian Sales "is a foreign corporation domiciled in the state of Wyoming." (Am. Compl. ¶ 5.) Plaintiff never alleges – nor could Plaintiff allege – that Martian Sales is in any way "at home" or headquartered in Florida. Accordingly, Plaintiff must rely on specific jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). In doing so, Plaintiff must come forward with factual allegations and may not rely on conclusory statements. *See Snow v. DirecTV, Inc.,* 450 F.3d 1314, 1318 (11th Cir. 2006) ("Snow relies solely on vague and conclusory allegations presented in his complaint, which are insufficient to establish a prima facie case of personal jurisdiction over Yarmuth."); *Trudel v. Biotech*, 2023 WL 2633337, at *2 (M.D. Fla. March 24, 2023) ("The conclusory allegations . . . otherwise fail[] to plead a *prima facie* case that personal jurisdiction exists. Accordingly, Defendant's motion to dismiss for lack of personal jurisdiction is

granted, and this action will be dismissed.").[5]

The Supreme Court set forth two ways in which a plaintiff can establish specific jurisdiction in *Ford Motor Company v. Montana Eight Judicial District*, 141 S. Ct. 1017 (2021). Under the first method, a plaintiff may establish jurisdiction by demonstrating a causal connection between the defendant's acts in the forum and the specific injury alleged. *Id.* at 1026. Under the second method, a defendant may be held liable by creating a market for its product in a particular state through significant and continued advertising in a particular state, direct sales of a product in a particular state, and extensive servicing of a product in a particular state, even if the plaintiff ultimately purchases the product out of state. *Id.* at 1026-30. Under the second method, however, the plaintiff must still establish that the defendant "extensively promoted, sold, and serviced" the product in the forum state. *Id.* at 1032.

Having a website that is accessible in a particular state is not sufficient to establish personal jurisdiction in Florida. *See Bell Northern Research*, 2023 WL 2428121 at *4; *Frida Kahlo Corp. v. Pinedo*, No. 18-21826-Civ, 2021 WL 4147876, at *5 (S.D. Fla. Sept. 13, 2021). Further, a defendant's awareness that their product is being sold in Florida is not sufficient to establish personal jurisdiction. *Bell Northern Research*, 2023 WL 2428121 at *6.

### B.  Plaintiff Fails to Establish a Prima Facie Case of Personal Jurisdiction.

Plaintiff does not allege that Decedent purchased any kratom products from Martian Sales itself or from a website owned or controlled by, or affiliated with, Martian Sales. (*Id.* ¶ 33.) Indeed, Plaintiff does not allege that Decedent ever visited a Martian Sales website or that Plaintiff ever saw any Martian Sales advertising or marketing material. Plaintiff's only jurisdictional allegations

---

[5] Florida's long-arm statute encompasses conduct broader than the minimum contacts required to establish personal jurisdiction consistent with the Fourteenth Amendment. Accordingly, Martian Sales focuses its briefing on the minimum contacts analysis.

are that Martian Sales "engaged in the marketing, sale, and distribution of Kratom products to consumers nationwide, including consumers in Florida"; that it "sold its products . . . to smoke shops in South Florida"; and that it "marketed, packaged, and distributed its products . . . through its own websites . . . as well as websites of affiliates and third-party distributors." (Am. Compl. ¶¶ 5-7.)

Plaintiff also does not allege facts showing that Martian Sales "created a market" for its products in Florida through a continuous and systematic advertising campaign directed at Florida, continuous and systematic sales directed at Florida, or the establishment of Martian Sales affiliated retail locations or service centers. Plaintiff therefore cannot rely on the systemic and continuous market-creation activities on which the Supreme Court relied in *Ford Motor Company* to establish personal jurisdiction. Plaintiff instead relies on generic and conclusory labels – that Martian Sales sold or marketed products to retailers in Florida – without any factual allegations backing up those legal conclusions. Under Rule 12(b)(2), however, "[v]ague and conclusory allegations do not satisfy [Plaintiff's] burden." *Catalust Pharms, Inc. v. Fullerton*, 748 F. App'x 944, 946 (11th Cir. 2018). At most, Plaintiff alleges that Martian Sales placed kratom products for sale in the stream of commerce and that it has a website accessible in Florida. Those allegations, and Plaintiff's other conclusory, fact-free allegations, are not enough. *See Bell Northern Research*, 2023 WL 2428121 at *4-6. The Amended Complaint must therefore be dismissed under Federal Rule of Civil Procedure 12(b)(2).

## **CONCLUSION**

Plaintiff's Amended Complaint should be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted and Federal Rule of Civil Procedure 12(b)(2) for failure to establish a prima facie case of personal jurisdiction.

1097712494\2\AMERICAS

## CONFERENCE OF COUNSEL PURSUANT TO LOCAL RULE 7.1

With respect to the relief requested under Rule 12(b)(2), counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion. On October 5th, counsel for Martian Sales, Inc. contacted counsel of record for Plaintiff via telephone at 3:50 P.M, 4:02 P.M., and 5:51 P.M., but has been unable to make contact with counsel to confer regarding the relief requested in this Motion.

DATED:  October 5, 2023.                    Respectfully submitted,

SQUIRE PATTON BOGGS (US) LLP

By: /s/ *Jason Daniel Joffe*
Jason Daniel Joffe
Florida Bar No. 0013564
Amanda Elizabeth Preston
Florida Bar No. 123652
200 S. Biscayne Blvd., Suite 3400
Miami, FL 33131
Telephone: (305) 577-7000
Facsimile: (305) 577-7001
Email: jason.joffe@squirepb.com
Email: Amanda.preston@squirepb.com

*Counsel for Defendant Martian Sales Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 5, 2023, I electronically filed with the Clerk of Court the foregoing document using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

/s/ *Jason Daniel Joffe*
Jason Daniel Joffe